Parker C. J.
delivered the opinion of the Court. The plaintiff avers in his declaration, that the tax was duly granted by an act of Congress, and was duly assessed. .Upon the trial he did not show the legality of the assessment, relying upon certain acts of the defendant, viz. advertising the land for sale, and his declaration in the advertisements, and his' receipt of the lists, in which he recognised Fisher as the principal assessor ; and he insisted that the burden of proof was on the defendant to show illegality in the proceedings, in order to avoid the effect of negligence in his duty, as to making return to the district clerk. There is in the report an enumeration of all the matters and things supposed by the defendant to be essential to the validity of the tax, and which he contends, it was incumbent on the plaintiff to prove, in order to sustain his action. The only evidence offered by the plaintiff was the receipt signed by the defendant as collector, which is stated in the report ; and the books of the principal assessor produced by his son, he being dead. It seems to have been admitted, that proof was necessary of many, if not all, of the points enumerated by the defendant in his objections to the sufficiency of the evidence, and the case has been argued before us solely on the question, whether the burden of proof was on the plaintiff or the defendant.
We have no doubt that it was necessary for the plaintiff to show that the tax was granted by Congress, and that it was duly assessed, and that all the proceedings, except those which fell within the duty of the defendant, were legally had ; because the gravamen of his writ is, that by the omission or negligence of the defendant, he was deprived of a title to land which otherwise he would have enjoyed.
And this ground seems-to be admitted by the plaintiff’s counsel ; but he insists that he had shown enough to shift the burden of proof upon the defendant, by the receipt before mentioned, and by the books of Nathan Fisher, purporting to *454 3e kept by him as principal assessor. We think he has failed to maintain this position; he ought to have proved affirmatively on his part, so much as was essential to the validity of the sale by auction, except what the collector was bound to do himself. The officer does not warrant, nor is he responsible, for the prior proceedings. It is analogous to a sheriff’s sale of goods under our laws. The sheriff is not answerable for any defect of. title in the purchaser, which was not occasioned by himself, unless he should bind himself further by covenants. If he should be sued by a purchaser, for a loss of the goods sold, it must be proved chat the execution came regularly into his hands, and that the loss was owing to some negligence or omission of his own.
In this case many defects are supposed to exist, fatal to the plaintiff’s title, even if the collector had done what he is charged with having omitted to do; and if these defects actually exist, the plaintiff would have gained nothing as to his title under the purchase, had the collector made the return to the district clerk; so that no loss is imputable to the defendant.

Nonsuit made absolute